By the Court.

In this case, the respective, rights of the original parties (Bermudez and Iba-nez) to the lot of ground in dispute, have been settled by the decree of a Court from whose decisions there is no appeal.
The determination of the present suit depends, therefore, on ascertaining which of the said parties was recognized by that decree, as the owner of the contested land.
It appears that while F. X. Bermudez, once the undisputed proprietor of the lot in question, *37 was absent from this country, F. Ibanes, the brother of his wife urged him to authorize her to sell that property; that Bermudez having sent the necessary authorization, Ibanez became the purchaser of the.lot, apparently for a fixed price, but in reality for the purpose of securing an unliqui-dated claim of money which he had against Ber-mudez ; that at the time of sale; it was understood between the contracting parties, that, when Ibanez should be reimbursed his advances, he would either re-convey the land to Bermudez, or sell for the benefit of Bermudez and his family. does further appear from the said decree, that claim of money of Ibanez had remained unsettled, and was to be subsequently ascertained ; finally, that on Bermudez paying, within a certain delay, the sum thus to be liquidated, the land was be re-convéyed to him ; otherwise to be sold the payment of that sum, and the balance to to Bermudez.
Posterior to that decree, the claim of Ibanez was settled by the referees to the sum of six thousand, six hundred and six dollars and seventy five cents; and on Bermudez’ having failed to pay it within the fixed time, the sale of the land was decreed to be made by the sheriff. Previous, however; to the sale, Bermudez called a meeting of his creditors^ and an order issued from a competent Court, staying all proceedings against' him; notwithstanding which order, the sale was *38 executed. The present plaintiffs have prayed for a rescission of that sale, and from a decree of the Court of the first district, refusing to rescind it, they have claimed the appeal on which this Court have now to pronounce.
The situation of the parties in this case is, indeed, a novel one. But however ambiguous their rights may appear at first, one point, at least, is very clear—and that is the non-existence of any real title in Ibanez. His right to the land was not even that which is acquired by purchase subject to redemption ; for, in such case, the purchaser may become the absolute owner, in the event of the vendor’s suffering the stipulated delay to elapse without redeeming, while here in defect of payment the property was to be sold. A property, which was to be sold to pay Ibanez’ claim, surely could not be considered as his property : the idea is repugnant to common sense. A right to be paid out of the proceeds of a sale, far from bearing any resemblance to a right of property in the creditor, implies the very reverse; for it is a right to be exercised against the property of another.
It being ascertained that Ibanez was not the owner of the land in dispute, it remains to enquire what kind of right he had on that land. His right was not that of a mortgagee, nor that of a purchase! under a claim, of redemption ; nor can it *39 strictly be called an antichresis. The object the contract was to vest him with as ample a security as could be given. The nature, also, of the debt, part of which must have been created by advances made for the support of Bermudez’ family, during his absence, entitles his claim still more to be recognized as a privileged one. And when the Court fbrther consider that in cases of antichresis, to which this may in some degree be assimilated, the debtor cannot before full payment of the debt, claim the enjoyment of the immovable estate which he has given in pledge (Civil Code book 3d, tit. 18, art. 24) they feel disposed to secure to the defendant, Ibanez, the immediate payment of his debt, independent of any agreement of the other creditors of Bermudez.
Upon the whole, the Court are of opinion that Bermudez was, at the time of his failure, the true owner of the lot of land in contest; that the decree ordering a stay of proceedings against him, ought to have stopped the judicial sale of that land, and that the sale made in contravention to it was illegal and void. It is therefore ordered, that the said lot be surrendered to the syndics of the creditors of Bermudez, for the purpose of selling it within the usual delay of judicial sales, payable, to wit, the sum of six thousand, six hundred and six dollars and seventy five cents in cash, to satisfy die claim of Ibanez, and the remainder at such *40 credit as they may think proper to fix agreeably to directions by them received from their constituents; unless the said syndics choose to satisfy the said sum to Ibanez. And it is further ordered that the parties shall pay their respective costs.